# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Brandy M. Brown, ) | C/A No. 2:25-cv-14045-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ANSWER TO PLAINTIFF'S FIRST** |
| ) | **AMENDED COMPLAINT** |
| Ford Motor Company, ) | **(Jury Trial Demanded)** |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Ford Motor Company ("Ford") hereby answers Plaintiff's First Amended Complaint as follows. Each and every allegation not hereinafter specifically admitted, qualified, or explained, is expressly denied.

## FOR A FIRST DEFENSE

1.  Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint and, therefore, denies the allegations.

2.  Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the First Amended Complaint and, therefore, denies the allegations.

3.  Ford denies the allegations of Paragraph 3 of the First Amended Complaint.

4.  Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the First Amended Complaint and, therefore, denies the allegations.

1

5.  Answering Paragraph 5 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it is a Delaware corporation with its principal place of business in Dearborn, Michigan, and that it is authorized to do business in South Carolina. Ford denies the remaining allegations of Paragraph 5 as stated.

6.  Answering Paragraph 6 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it has a registered agent, CT Corporation System, in South Carolina located at 2 Office Park Court, Suite 103, Columbia, SC 29223. Ford denies the remaining allegations of Paragraph 6 as stated.

7.  Answering Paragraph 7 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 7.

8.  Answering Paragraph 8 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 8, including all subparagraphs.

9.  Answering Paragraph 9 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 9.

10.  Answering Paragraph 10 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 10, including all subparagraphs.

11. Answering Paragraph 11 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 11.

12. Answering Paragraph 12 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designs in part, and manufactures in part, various motor vehicles including but not limited to the subject 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 12.

13. Answering Paragraph 13 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that certain Takata airbag inflators have been installed in certain Ford vehicles in the United States. Except as expressly admitted, Ford denies the allegations of Paragraph 13.

14. Answering Paragraph 14 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designed in part, and manufactured in part, the 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 14.

15. Answering Paragraph 15 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designed in part, and manufactured in part, the 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 15.

16. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the First Amended Complaint and, therefore, denies the allegations.

17. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the First Amended Complaint and, therefore, denies the allegations.

18. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint and, therefore, denies the allegations.

19. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the First Amended Complaint and, therefore, denies the allegations.

20. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the First Amended Complaint and, therefore, denies the allegations.

21. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the First Amended Complaint and, therefore, denies the allegations.

22. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint and, therefore, denies the allegations.

23. Ford denies the allegations of Paragraph 23 of the First Amended Complaint.

24. Ford denies the allegations of Paragraph 24 of the First Amended Complaint.

25. Answering Paragraph 25 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that Takata designed, manufactured, and supplied certain frontal airbags for certain Ford vehicles, including the 2006

model year Ford Mustang. Ford denies the remaining allegations of Paragraph 25.

26. Answering Paragraph 26 of the First Amended Complaint, Ford states that the allegations present a generalized description of a hypothetical supplemental inflatable restraint system that may or may not be accurate, depending on a variety of factors. Except as expressly admitted, Ford denies the allegations of Paragraph 26.

27. Answering Paragraph 27 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that an airbag is intended to inflate in a timely fashion in certain collisions upon receipt of a decision based on certain parameters from the restraints control module installed in the vehicle. Except as expressly admitted, Ford denies the allegations of Paragraph 27.

28. Answering Paragraph 28 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that generally an airbag inflator consists of, among other things, a metal cannister that contains a propellant, which can take the form of wafers, tablets, and/or stored gas, an ignitor, and that upon ignition of the primary propellant, gases are produced that deploy and inflate the airbag. Except as expressly admitted, Ford denies the allegations of Paragraph 28.

29. Answering Paragraph 29 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that a frontal airbag is intended to inflate in a timely fashion in certain collisions to, among other things, help restrain the occupant's forward movement. Except as expressly admitted, Ford denies the allegations of Paragraph 29.

30. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the First Amended Complaint and, therefore, denies the allegations.

31.     Answering Paragraph 31 of the First Amended Complaint, Ford denies pressuring Takata and its engineers to devise a lower cost propellant based on ammonium nitrate. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 and, therefore, denies the allegations.

32.     Ford denies the allegations of Paragraph 32 of the First Amended Complaint.

33.     Ford denies the allegations of Paragraph 33 of the First Amended Complaint.

34.     Ford denies the allegations of Paragraph 34 of the First Amended Complaint.

35.     Ford denies the allegations of Paragraph 35 of the First Amended Complaint.

36.     Ford denies the allegations of Paragraph 36 of the First Amended Complaint.

37.     Ford denies the allegations of Paragraph 37 of the First Amended Complaint.

38.     Ford denies the allegations of Paragraph 38 of the First Amended Complaint.

39.     Answering Paragraph 39 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that certain Takata frontal airbag inflators in certain Ford vehicles have experienced ruptures. Except as expressly admitted, Ford denies the allegations of Paragraph 39.

40.     Answering Paragraph 40 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it launched Recall 19S01 in January 2019. Ford denies the remaining allegations of Paragraph 40.

41.     Ford denies the allegations of Paragraph 41 of the First Amended Complaint.

42.     Answering Paragraph 42 of the First Amended Complaint, Ford denies that it failed to timely conduct a recall of Takata airbag modules. Ford denies the remaining allegations of Paragraph 42.

43. Answering Paragraph 43 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that certain Takata frontal airbag inflators in certain Ford vehicles have experience ruptures. Ford denies the remaining allegations of Paragraph 43, including all subparagraphs.

### FOR A FIRST DEFENSE TO COUNT I
**(Strict Liability)**

44. In response to Paragraph 44 of the First Amended Complaint, Ford incorporates by reference its responses to Paragraphs 1 through 43 as fully and effectively as if set forth verbatim herein.

45. Answering Paragraph 45 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designed in part, and manufactured in part, the 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 45.

46. Answering Paragraph 46 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designed in part, and manufactured in part, the 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 46.

47. Ford denies the allegations of Paragraph 47 of the First Amended Complaint.

48. Ford denies the allegations of Paragraph 48 of the First Amended Complaint.

49. Ford denies the allegations of Paragraph 49 of the First Amended Complaint and the unnumbered prayer for relief that follows and demands strict proof as to Plaintiff's alleged injuries and damages.

7

## FOR A FIRST DEFENSE TO COUNT II
**(Breach of Implied Warranty of Merchantability)**

50. In response to Paragraph 50 of the First Amended Complaint, Ford incorporates by reference its responses to Paragraphs 1 through 49 as fully and effectively as if set forth verbatim herein.

51. Answering Paragraph 51 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 51.

52. Answering Paragraph 52 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 52.

53. Answering Paragraph 53 of the First Amended Complaint, Ford admits only so much of the allegations that allege or can be construed to allege that it designed in part, and manufactured in part, the 2006 Ford Mustang. Ford denies the remaining allegations of Paragraph 53.

54. Answering Paragraph 54 of the First Amended Complaint, Ford responds that the allegations constitute legal conclusions to which no response is required. To the extent the Court may deem a response is required, Ford denies the allegations directed against it in Paragraph 54.

55. Ford denies the allegations of Paragraph 55 of the First Amended Complaint.

56. Ford denies the allegations of Paragraph 56 of the First Amended Complaint.

57. Ford denies the allegations of Paragraph 57 of the First Amended Complaint and the unnumbered prayer for relief that follows and demands strict proof as to Plaintiff's alleged injuries and damages.

**FOR A SECOND DEFENSE**

58. Plaintiff's claims should be dismissed, in whole or in part, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

59. Ford submits that Plaintiff's First Amended Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A FOURTH DEFENSE**

60. Ford submits that, at all times, the subject vehicle was designed, manufactured, and assembled in compliance with all applicable industry and governmental standards and regulations and, therefore, Plaintiff cannot recover against Ford.

**FOR A FIFTH DEFENSE**

61. Ford submits that, at all times, the subject vehicle was designed, manufactured, and assembled in conformance with the prevailing industry customs and practices and, therefore, Plaintiff cannot recover against Ford.

**FOR A SIXTH DEFENSE**

62. Ford submits that, at all times, the subject vehicle was designed, manufactured, and assembled in conformance with the state-of-the-art and did not present an unreasonable risk of harm to Plaintiff or other occupants or users of the subject vehicle and, therefore, Plaintiff cannot recover against Ford.

**FOR A SEVENTH DEFENSE**

63. Plaintiff's claims fail inasmuch as her alleged injuries and damages were not proximately caused by any conduct on the part of Ford.

**FOR AN EIGHTH DEFENSE**

64.     Ford submits that the injuries and damages for which Plaintiff seeks recovery may be due to, and proximately caused by, the modification or alteration of the subject vehicle, and, therefore, Plaintiff may not recover against Ford.

**FOR A NINTH DEFENSE**

65.     Ford submits that the injuries and damages for which Plaintiff seeks recovery were due to, and proximately caused by, the abuse, misuse, or improper use of the subject vehicle and/or its component parts and systems, and therefore, Plaintiff may not recover against Ford.

**FOR A TENTH DEFENSE**

66.     Ford submits that South Carolina Code Ann. § 15-73-20 may serve as a bar, in whole or in part, to this action.

**FOR AN ELEVENTH DEFENSE**

67.      Ford submits that Plaintiff is barred from recovery because Plaintiff may have failed to use and/or misused the safety restraint system and/or other vehicle components provided in the subject vehicle, which is relevant to proximate causation, defect, and crashworthiness claims asserted by Plaintiff in the First Amended Complaint.

**FOR A TWELFTH DEFENSE**

68.     Ford affirmatively pleads all defenses, which are or may become available to it under *Restatement (Second) of Torts* § 402A and the comments thereto, as codified by S.C. Code Ann. § 15-73-30.

**FOR A THIRTEENTH DEFENSE**

69.     Ford submits that Plaintiff's claims, in whole or in part, are expressly or impliedly preempted by federal law, including, but in no way limited to, the National Traffic and Motor

Vehicle Safety Act and the Federal Motor Vehicle Safety Standards, as well as the rule of law established in *Geier v. Am. Honda Motor Co.*, 529 U.S. 861 (2000); *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2000); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 644 S.E.2d 755 (Ct. App. 2007), *writ of cert. dismissed*, 385 S.C. 238, 683 S.E.2d 803 (2009); *Priester v. Cromer*, 401 S.C. 38, 736 S.E.2d 249 (2012); and other relevant statutory and common law authority.

## FOR A FOURTEENTH DEFENSE

70.     To the extent Plaintiff seeks punitive damages against Ford pursuant to a strict liability or breach of warranty cause of action, that claim is barred because punitive damages are not recoverable under a strict liability or a breach of warranty cause of action.

## FOR A FIFTEENTH DEFENSE

71.     Ford submits that it is entitled to a set off or credit for any amount paid to Plaintiff by any third party as compensation for the injuries and damages for which Plaintiff seeks recovery herein.

## FOR A SIXTEENTH DEFENSE

72.     Ford denies Plaintiff's prayer for punitive damages. An award of punitive damages under federal law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

    a.     The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

    b.     Any award of punitive damages seeking a compensatory function is inconsistent with due process guarantees;

    c.     Any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

    d.    The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

    e.    Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

    f.    Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendant; and

    g.    Any award of punitive damages for conduct or activity of Ford outside the State of South Carolina or directed to non-parties is inconsistent with the interest of federalism, and violates the governing authority of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

Ford further submits that Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government, which invades the province of the legislative branch of government. Ford submits that like provisions of governing foreign state law may likewise violate constitutional guarantees, including those established under the Constitution of the one of the various States and the United States Constitution.

## FOR A SEVENTEENTH DEFENSE

73.    Ford submits that Plaintiff's claim for punitive damages fails because (1) Plaintiff failed to plead any ultimate facts to support such a claim as required by Rule 8(a), SCRCP, and instead only asserts legal conclusions, and (2) there is no clear and convincing evidence of willful, wanton, or reckless conduct by Ford at the time the subject vehicle was manufactured, and thus,

Plaintiff cannot satisfy the requisite burden of proof pursuant to S.C. Code. Ann. § 15-33-135.

### FOR AN EIGHTEENTH DEFENSE

74.     Ford submits that the vehicle described in Plaintiff's First Amended Complaint was not in essentially the same condition at the time of the events, accident, injuries, and damages alleged in the First Amended Complaint as when it left the custody and possession of Ford and, therefore, any recovery by Plaintiff is barred.

### FOR A NINETEENTH DEFENSE

75.     Ford submits that Plaintiff's First Amended Complaint may fail for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and relevant cases.

### FOR A TWENTIETH DEFENSE

76.     To the extent there has been any spoliation of evidence, Ford submits that such spoliation prevents Plaintiff from satisfying her burden of proof and prevents Ford from adequately preparing a defense to Plaintiff's allegations.  Ford further submits that it has been irreparably prejudiced by Plaintiff's spoliation of evidence and, therefore, Plaintiff's recovery in this matter should be barred.

### FOR A TWENTY-FIRST DEFENSE

77.     Ford has been prejudiced in its defense to the extent evidence relevant to this case has been damages, changed, repaired, serviced, destroyed, spoliated, or altered by others, before Ford had an opportunity to investigate.

### FOR A TWENTY-SECOND DEFENSE

78.     Ford contends that there was no duty to warn of any dangers alleged by Plaintiff under South Carolina law and therefore, this claim is not actionable.

## FOR A TWENTY-THIRD DEFENSE

79. Plaintiff has failed to mitigate damages, if any, in the manner required by the law of South Carolina.

## FOR A TWENTY-FOURTH DEFENSE

80. Ford affirmatively pleads that any claim for punitive damages must comply with the South Carolina Noneconomic Damages Awards Act of 2005, S.C. Code Ann. § 15-32-200, *et seq.*, including, but not limited to, the punitive damages recovery limits imposed by S.C. Code Ann. § 15-32-530.

## FOR A TWENTY-FIFTH DEFENSE

81. Ford has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, which it or anyone acting on its behalf has made with respect to the subject vehicle or any of its component parts referred to in the First Amended Complaint. This limited written express warranty was provided to the original consumer, purchaser, or lessee, at the time of the initial retail sale or lease of the Subject Vehicle, and this document speaks for itself.

## FOR A TWENTY-SIXTH DEFENSE

82. Ford expressly reserves the right to assert all other defenses and affirmative defenses that become known to it through the course of discovery in this matter by seeking leave to amend or by consent of the parties as permitted by the rules.

## FOR A TWENTY-SEVENTH DEFENSE

83. Ford submits that it has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. Ford intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances

surrounding any reported damage as alleged in Plaintiff's First Amended Complaint, and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law. These defenses may include, but are not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, and the doctrine of laches. Ford thus reserves the right to amend this Answer and assert additional defenses.

WHEREFORE, having fully answered the First Amended Complaint, Ford prays that the First Amended Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

February 6, 2026          By:    s/ Carmelo B. Sammataro
                                                                         Carmelo B. Sammataro (Fed. I.D. # 9174)
                                                                         Abigail C. Bray (Fed. I.D. # 13676)
                                                                         Turner, Padget, Graham & Laney, P.A.
                                                                         Post Office Box 1473
                                                                         Columbia, SC 29202
                                                                         Phone: (803) 254-2200
                                                                         Fax: (803) 799-3957
                                                                         SSammataro@TurnerPadget.com
                                                                         ABray@TurnerPadget.com

                                                                         **ATTORNEYS FOR DEFENDANT**