# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| Brandy M. Brown and Brandy M. Evans, ) | C/A No. 2:25-cv-14045-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **JOINT ANSWERS TO LOCAL CIVIL** |
| ) | **RULE 26.03 QUERIES** |
| Ford Motor Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiffs Brandy M. Brown and Brandy M. Evans (hereinafter "Plaintiffs") and Defendant Ford Motor Company ("Ford") hereby also answer the queries posed in Local Civil Rule 26.03, D.S.C., as follows:

1. A short statement of the facts of the case.

**ANSWER:**

Plaintiffs in this product liability action allege they sustained injuries and damages as the result of a single-vehicle collision that occurred August 11, 2025 in Colleton County, South Carolina. (Pls.' 2nd Amd. Compl., ECF 16, ¶ 1) More specifically, Plaintiffs allege their injuries and damages occurred when the Takata front passenger airbag "unexpectedly ruptured, exploded, and shot metal shrapnel" into the passenger cabin of Plaintiff Brandy M. Brown's 2006 Ford Mustang. (*Id.*) Plaintiffs assert strict liability and breach of implied warranty causes of action against Defendant and claim entitlement to actual, consequential, economic, non-economic and punitive damages, and mental anguish, emotional distress, pain and suffering, costs, pre-judgment interest, post-judgment interest. (*Id.*, p. 17) Ford has denied the material allegations directed

1

against it in Plaintiffs' Second Amended Complaint.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER:**

    a. Brandy Michelle Brown
       31 Ivory Court
       Walterboro, South Carolina 29488

       Ms. Brown is a Plaintiff in this action. It is anticipated she will have information regarding the subject 2006 Ford Mustang, the collision, and her alleged injuries and damages.

    b. Brandy Marie Evans
       80 Burgess Circle
       Walterboro, South Carolina 29488

       Ms. Evans is a Plaintiff in this action. It is anticipated she will have information regarding the subject 2006 Ford Mustang, the collision, and her alleged injuries and damages.

    c. Glenn Dalton Jackson
       119 Still Street
       Walterboro, South Carolina 29488

       Mr. Jackson was the driver of the subject 2006 Ford Mustang. It is anticipated he will have information regarding the vehicle and the collision.

    d. John Andrew Sahlmann
       738 Clydeville Lane
       Cottageville, South Carolina 29435

       Mr. Sahlman was a witness to the incident giving rise to Plaintiffs' Second Amended Complaint and was the first person on the scene thereafter. He contacted emergency services by calling 911. It is anticipated Mr. Sahlman will provide testimony regarding his observations and knowledge regarding the collision.

e.   Agents/employees of the South Carolina Highway Patrol
     10311 Wilson Boulevard
     Blythewood, South Carolina 29016

     South Carolina Highway Patrol personnel responded to the scene of the collision. It is anticipated these personnel will have information regarding their response to and investigation of the vehicle and the collision.

f.   McClure Enterprises
     77 McClure Lane
     Walterboro, South Carolina 29488

     McClure Enterprises towed the subject vehicle from the collision site and may have information regarding the vehicle and its chain of custody following the collision.

g.   Representatives of Ford Motor Company
     One American Road
     Dearborn, Michigan 48126

     At this time, Ford has not identified all engineers or other employees who may be required to rebut issues raised by Plaintiffs or Plaintiffs' experts or to discuss the context or content of relevant documents.

h.   Ram Krishnaswami
     Ford Motor Company
     c/o Carmelo B. Sammataro
     Turner, Padget, Graham & Laney, P.A.
     Post Office Box 1473
     Columbia, South Carolina 29202
     Telephone: (803) 254-2200

     Mr. Krishnaswami is an engineer who is identified as a person with knowledge of the front airbag supplemental restraint system in 2005-2014 Ford S197 Mustang vehicles.

i.   Ford employee knowledgeable about the recall outreach history in the subject 2006 Ford Mustang
     Ford Motor Company
     c/o Carmelo B. Sammataro
     Turner, Padget, Graham & Laney, P.A.
     Post Office Box 1473
     Columbia, South Carolina 29202
     Telephone: (803) 254-2200

3

    j.    Medical treaters and health care providers from Trident Medical Center
9330 Medical Plaza Dr.
North Charleston, SC 29406

        Medical care and treatment provided to Plaintiffs

    k.    Medical treaters and health care providers from MUSC Health University Medical Center
171 Ashley Ave.
Charleston, SC 29425

        Medical care and treatment provided to Plaintiff Brandy Bown

    l.    Medical treaters and health care providers from HCA Healthcare Colleton Hospital
501 Robertson Blvd.
Walterboro, SC 29488

        Medical care and treatment provided to Plaintiff Brandy Evans

    m.    First responders from Colleton County Fire and Rescue
113 Mable T. Willis Blvd.
Walterboro, SC 29488

        Emergency response to the subject incident and medical care and treatment provided to Plaintiffs

3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:**

The parties have not yet identified expert witnesses; however, the parties likely will offer experts in some or all of the following subject matters or fields: accident reconstruction, biomechanics, occupant kinematics, toxicology, occupant protection, injury causation, statistical injury analysis, injury mechanism, vehicle and component design and testing, vehicle dynamics, nurse life care planning, economics, and any and all injuries and damages alleged by Plaintiffs.

Ford specifically reserves the right to supplement this response to the extent necessary following Plaintiffs' identification of expert witnesses, and as required by any Conference and Scheduling Order entered by the Court and refers the Court to the proposed Amended Conference and Scheduling Order submitted with this filing. Ford specifically requests that it be permitted to depose Plaintiffs' experts prior to the depositions of Ford's corresponding defense experts.

4.     A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:**     Plaintiffs:

Plaintiffs allege claims for strict liability and breach of the implied warranty of merchantability against Defendant for defectively designing, manufacturing, assembling, and distributing the subject Ford Mustang and its incorporate airbag system at issue, which caused their injuries. *See* Defective Products Act, S.C. Code Ann. § 15-73-10 through § 15-73-40; *Branham v. Ford Motor Co.*, 701 S.E.2d 5 (S.C. 2010); *Rife v. Hitachi Constr. Mach. Co.*, 609 S.E.2d 565 (S.C. Ct. App. 2005); *Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321 (S.C. Ct. App. 1995).

Defendant:

Ford has denied the material allegations directed against it in Plaintiffs' Second Amended Complaint. In addition, Ford specifically reserves the right to rely upon all statutes, rules of evidence and procedure, and judicial precedent that are or may become applicable to the claims and defenses presented in this lawsuit. Ford further reserves the right to supplement the following information to the extent necessary as its investigation into the facts and circumstances of this case continues. Ford's defenses are based on the following legal principles:

a.     Failure to State a Claim – Fed. R. Civ. P. 12(b)(6).

5

    b.    <u>Strict Liability and Statutory Defenses</u> – *S.C. Code Ann.* §§ 15-73-10, -20 & -30.

    c.    <u>Products Liability</u> – *Branham v. Ford Motor Co.*, 390 S.C. 203, 701 S.E.2d 5 (2010); *Watson v. Ford Motor Co.*, 389 S.C. 434, 699 S.E.2d 169 (2010); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 677 S.E.2d 612 (Ct. App. 2009); *Rife v. Hitachi Const. Machinery Co., Ltd.*, 363 S.C. 209, 609 S.E.2d 565 (Ct. App. 2005); *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995).

    d.    <u>Express/Implied Warranty</u> – *S.C. Code Ann.* §§ 36-2-313, -314, -315, -316; *Livingston v. Noland Corp.*, 362 S.E.2d 16 (S.C. 1987); *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F. Supp. 1027 (D.S.C. 1995).

    e.    <u>Alternative Feasible Design</u> – *Branham v. Ford Motor Co.*, 390 S.C. 203, 701 S.E.2d 5 (2010); *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995); *Little v. Brown & Williamson Tobacco Corp.*, 243 F.Supp.2d 480 (D.S.C. 2001).

    f.    <u>Post-Manufacture Evidence</u> – *Branham v. Ford Motor Co.*, 390 S.C. 203, 701 S.E.2d 5 (2010); *Restatement (Second) of Torts* § 402A, comment *g*; *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995); *Sexton v. Bell Helmets*, 926 F.2d 331, 337 (4th Cir. 1991); *Jimenez v. Daimler Chrysler Corp.*, 269 F.3d 439, 450-53 (4th Cir. 2001).

    g.    <u>Other Incidents/Substantial Similarity</u> – *Watson v. Ford Motor Co.*, 389 S.C. 434, 699 S.E.2d 169 (2010); *Whaley v. CSX Transp.*, 362 S.C. 456, 609 S.E.2d 286 (2005).

    h.    <u>Expert Testimony</u> – Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

    i.    <u>Compliance with Industry Standards and Governmental Regulations</u> – *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995); *Cohen v. Winnebago Indus. Inc.*, 210 F.3d 360, 2000 WL 299459, 2000 U.S. App. LEXIS 4850 (4th Cir. 2000) (unpublished table opinion); *Stonehocker v. General Motors*, 587 F.2d 151 (4th Cir. 1978).

    j.    <u>Industry Customs and Practices</u> – *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 544, 462 S.E.2d 321, 329 (Ct. App. 1995) (finding "the trial judge correctly directed the verdict in favor of [defendant] on [plaintiff's] strict liability claim" because "[plaintiff's] hydraulics expert conceded that no one in the industry had designed or manufactured the type of special disconnect couplings he proposed"); *Sexton v. Bell Helmets, Inc.*, 926 F.2d 331 (4th Cir. 1991) ("While conformity with industry practice is not conclusive of

6

the product's safety, the cases where a member of industry will be held liable for 'failing to do what no one in his position has ever done before' will be infrequent."); *Reed v. Tiffin Motor Homes, Inc.*, 697 F.2d 1192 (4th Cir. 1982) ("state of the art and trade customs are relevant in helping the jury make a determination of whether the product is unreasonably dangerous when used in a manner expected by the ordinary consumer in the community"); *Holst v. KCI Konecranes Intern. Corp.*, 390 S.C. 29, 699 S.E.2d 715 (Ct. App. 2010) (holding "the circuit court did not err in considering conformity with industry custom" in a negligence and strict liability tort case).

k.  State-of-the-Art – *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995); *Reed v. Tiffin Motor Homes, Inc.*, 697 F.2d 1192 (4th Cir. 1982).

l.  Unreasonable Assumption of Risk – *Davenport v. Cotton Hope Plantation Prop. Regime*, 333 S.C. 71, 508 S.E.2d 565 (1998); *Howard v. South Carolina Dep't of Highways*, 343 S.C. 149, 538 S.E.2d 291 (Ct. App. 2000); *Singleton v. Sherer*, 377 S.C. 185, 659 S.E.2d 196 (Ct. App. 2008); *Baxley v. Rosenblum*, 303 S.C. 340, 400 S.E.2d 502 (Ct. App. 1991).

m.  Abuse, Misuse, or Improper Use – *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 677 S.E.2d 612 (Ct. App. 2009) ("a manufacturer may not be held liable for the subsequent mishandling or other superseding act which causes the injury"); *Mickle v. Blackmon*, 252 S.C. 202, 166 S.E.2d 173 (1969) ("a manufacturer is not liable for the failure of a product due to deterioration from ordinary wear and tear or misuse"); *Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254 (4th Cir. 1998) (applying South Carolina law and holding "strict liability is not available when product is used in a way not intended by the manufacturer"); *Anderson v. Green Bull, Inc.*, 322 S.C. 268, 270-71, 471 S.E.2d. 708, 710 (Ct. App. 1996) ("defendant is not held to an awareness of unforeseeable uses or misuses or the unreasonable assumption by the plaintiff of obvious hazards accompanying the product"); *Restatement (Second) of Torts*, § 402A, comment *g*.

n.  Modification or Alteration – *Ervin v. Continental Conveyor & Equipment Co.*, Inc., 674 F.Supp.2d 709 (D.S.C. 2009); *Fleming v. Borden, Inc.*, 316 S.C. 452, 450 S.E.2d 589 (1994).

o.  Adequate Warning/No Duty to Warn – *Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995) (finding the product safe as built without a warning and holding "[b]ecause evidence presented at trial undisputedly established that the [product] met all appropriate standards regarding warnings at the time of its manufacture and sale … [plaintiff's]

7

        strict liability claim based upon an alleged warning defect also fails"); *Dema v. Shore Enterprises, Ltd.*, 312 S.C. 528, 435 S.E.2d 875 (Ct. App. 1993) (holding there is no duty to warn of obvious risk because "[a] product is not defective for failure to warn of the obvious"); *Anderson v. Green Bull, Inc.*, 322 S.C. 268, 471 S.E. 2d 708, 710 (Ct. App. 1996) (holding that "[a] product bearing a warning that the product is safe for use if the user follows the warning is neither defective nor unreasonably dangerous; therefore, the seller is not liable for any injuries caused by the use of the product if the user ignores the warning" and "a seller is not required to warn of dangers or potential dangers that are generally known and recognized"); *Allen v. Long Mfg., N.C., Inc.*, 505 S.E. 2d 354, 359 (S.C. Ct. App. 1998) (holding "when an adequate warning is given, the manufacturer may assume that it will be heeded by the product user" and "plaintiff has the burden of showing that a warning would have made a difference in the conduct of the person warned"); *Livingston v. Noland Corp.*, 293 S.C. 521, 362 S.E.2d 16 (1987) (holding a supplier and manufacturer of a product are only liable for failing to warn if (1) they know or have reason to know the product is or is likely to be dangerous for its intended use, (2) they have no reason to believe the user will realize the potential danger, and (3) they fail to exercise reasonable care to inform of its dangerous condition or of the facts which make it likely to be dangerous").

    p.    <u>Spoliation of Evidence</u> – *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001).

    q.    <u>Mitigation of Damages</u> – *Chastain v. Owens Carolina, Inc.*, 310 S.C. 417, 420, 426 S.E.2d 834, 835 (Ct. App. 1993) ("the law requires an injured party to do those things a prudent person would do to avoid damages that are reasonably avoidable").

    r.    <u>Punitive Damages</u> – *Hatcher v. Emerging Acquisitions, LLC*, 2025 WL 1865207, *5 (D.S.C. May 27, 2025) ("there is no dispute that punitive damages are not available under strict liability or breach of warranty theories.") (internal citations and quotations omitted).

5.    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.

**ANSWER:** The parties will agree to the deadlines proposed in the Consent Amended Conference and Scheduling Order.

  6. Any special circumstances that would affect the time frames applied in preparing the scheduling order.

**ANSWER:** The parties are not aware of any such special circumstances.

  7. Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C)) or otherwise requested by the assigned judge.

**ANSWER:** The parties are not aware of any additional information requested.

March 13, 2026    By: s/ Carmelo B. Sammataro
            Carmelo B. Sammataro (Fed. I.D. # 9174)
            Abigail C. Bray (Fed. I.D. # 13676)
            Turner, Padget, Graham & Laney, P.A.
            Post Office Box 1473
            Columbia, SC 29202
            Phone: (803) 254-2200
            Fax: (803) 799-3957
            SSammataro@TurnerPadget.com
            ABray@TurnerPadget.com

            R. Kent Warren (*pro hac vice*)
            Bowman and Brooke LLP
            1942 East 7th Street, Suite 360
            Charlotte, NC 28204
            Phone: (980) 987-3715
            kent.warren@bowmanandbrooke.com

            **ATTORNEYS FOR DEFENDANT**

(Signature page continued.)

March 13, 2026                          By:   s/ Michael Cooper Klaasmeyer
                                               Michael Cooper Klaasmeyer (Fed. I.D. # 14272)
                                               Morgan and Morgan
                                               4401 Belle Oaks Drive
                                               3rd Floor Suite 301
                                               North Charleston, SC 29405
                                               Phone: (843) 973-5438
                                               cooper.klaasmeyer@forthepeople.com

                                               Andrew Parker Felix (*pro hac vice*)
                                               Steven E. Nauman (*pro hac vice*)
                                               Morgan & Morgan
                                               20 North Orange Avenue, Suite 1600
                                               Orlando, FL 32801
                                               Phone: (407) 244-3209
                                               Fax:  (407) 245-3334
                                               afelix@forthepeople.com
                                               snauman@forthepeople.com

                                               **ATTORNEYS FOR PLAINTIFFS**