## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | | |
|---|---|---|
| Brandy M. Brown and Brandy M. Evans, | ) | C/A No. 2:25-cv-14045-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ford Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT FORD MOTOR COMPANY'S PARTIAL MOTION TO DISMISS

Defendant Ford Motor Company ("Ford"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiffs Brandy M. Brown and Brandy M. Evans's (hereinafter "Plaintiffs") claim for punitive damages. Plaintiffs assert strict liability and breach of implied warranty claims against Ford under South Carolina law. Punitive damages are not available under either theory. Plaintiffs have therefore failed to state a plausible claim for punitive damages, and Ford respectfully requests the Court dismiss Plaintiffs' request for the same.

### RELEVANT BACKGROUND

This product liability action arises from an automotive crash that occurred on August 11, 2025. Second Amended Complaint ¶ 16. At the time of the crash, Plaintiffs were riding as passengers in a 2006 Ford Mustang (the "subject vehicle"). *Id.* ¶¶ 1, 16. Plaintiffs allege they suffered injuries when a defective front passenger airbag inflator manufactured by the Takata Corporation ruptured and expelled metal shrapnel into the subject vehicle's occupant

1

compartment. *Id.* ¶ 17. Plaintiffs admit that at the time of the accident, the Takata inflator in the subject vehicle had been under recall since at least January 2019. *Id.* ¶ 37.

Still, Plaintiffs assert claims for strict liability and breach of implied warranty against Ford. *Id.* ¶¶ 44-71. They also seek an award of punitive damages. *Id.*

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." In a Rule 12(b)(6) motion, the court is obligated to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## ARGUMENT

There is no dispute that punitive damages are not available under strict liability or breach of warranty theories in South Carolina. *See Barnwell v. Barber-Colman Co*., 301 S.C. 534, 393

S.E.2d 162, 164 (S.C. 1989) ("Recovery of punitive damages is not allowed under a cause of action based solely upon the South Carolina strict liability statute."); *Rhodes v. McDonald*, 345 S.C. 500, 548 S.E.2d 220, 222 (S.C. Ct. App. 2001) (holding that punitive damages are not available for a breach of warranty). Because punitive damages are not available to Plaintiffs under South Carolina law, their punitive damages claims should be dismissed. *See, e.g., Corder v. Antero Res. Corp.,* 57 F.4th 384, 391, 404 (4th Cir. 2023) (affirming district court's dismissal of punitive damages claim where plaintiffs "did not allege an independent tort that could support an award of punitive damages"); *Beasley v. S.C. Dep't of Soc. Servs.,* No. 2024-000200, 2025 WL 985728, at *2 (S.C. Ct. App. Apr. 2, 2025) (affirming dismissal of plaintiff's claim for punitive damages where statute "explicitly states that punitive damages are not available").

## CONCLUSION

For the reasons stated above, Defendant Ford Motor Company respectfully requests the Court dismiss Plaintiffs' claim for punitive damages and award any other relief it deems appropriate.

(Signature page to follow.)

3

March 18, 2026

By:    s/ Carmelo B. Sammataro
Carmelo B. Sammataro (Fed. I.D. # 9174)
Abigail C. Bray (Fed. I.D. # 13676)
Turner, Padget, Graham & Laney, P.A.
Post Office Box 1473
Columbia, SC 29202
Phone: (803) 254-2200
Fax: (803) 799-3957
SSammataro@TurnerPadget.com
ABray@TurnerPadget.com

R. Kent Warren (*pro hac vice*)
Bowman and Brooke LLP
1942 East 7th Street, Suite 360
Charlotte, NC 28204
Phone: (980) 987-3715
kent.warren@bowmanandbrooke.com

**ATTORNEYS FOR DEFENDANT**

4